(28 Misc. Rep. 321.)

PEOPLE ex rel. ALSBERGE v. CRAM et al.

(Supreme Court, Special Term, Kings County.   July, 1899.)

1. MANDAMUS—TRANSFER OF CITY EMPLOYES.
    Greater New York Charter, § 1536, provides that the mayors of New York, Brooklyn, and Long Island City, and certain other city officers, shall constitute a board for the purpose of adopting a plan of transfer and partition between city employés of the cities consolidated under the charter.   By inadvertence this board failed to transfer certain dock masters. *Held* that, as the board had not carried out the plan contemplated by the charter, they are not functus officio in so doing, in obedience to a writ of mandamus.

2. RECOVERY OF SALARY BY CITY EMPLOYE—REMEDY AT LAW.
    Where the board, authorized to transfer employés for the city of Brooklyn to similar offices, under the administration of Greater New York, failed to transfer relator, and subsequently, in obedience to a writ of mandamus, made such transfer as of the date when it should have been done, relator has a remedy at common law to recover his salary for the intervening time.

Application for mandamus by Charles E. Alsberge against J. Sergeant Cram and others, as commissioners of docks and ferries of New York City. Granted.

This application is for a writ to compel the reinstatement of relators as dock masters in the city of New York, and to compel the payment of their salaries from January 1, 1898, to date. When the plan for the transfer of employés to the city of Brooklyn was made out, relators were transferred, by mistake, to the department of finance. They brought mandamus to compel their reinstatement, which was granted by the lower court, but reversed on appeal. The appellate court held that an action should be brought to correct the plan. See People v. Cram, 32 App. Div. 414, 53 N. Y. Supp. 110, and 158 N. Y. 666, 52 N. E. 1125. This was done, and the members of the board of transfer corrected such plan under mandamus, and transferred the dock masters from Brooklyn to the department in New York as now constituted. This transfer was as of the date of the original plan. The respondents contend that the action of the board of transfer was invalid, because the city of New York was not a party to the action, and because the board was functus officio.

James M. Kerr, for relator.
Luke D. Stapleton, Asst. Corp. Counsel, for respondents.

MADDOX, J. The duty cast by section 1536 not having been fully performed, the transfer of relator to the appropriate department having been contemplated and determined upon, as appears by Mr. Wurster's affidavit, but through mistake or inadvertence not having been carried out in the written plan, remedy by mandamus to correct such performance was proper, and such persons were not functus officio in so doing, in obedience to the mandamus. Relator has his remedy by a common-law action to recover his salary. Let mandamus issue reinstating relator. The others named by him as being connected with the old bureau have their remedy, but are not before the court in this proceeding. Let the order be entered accordingly.

Ordered accordingly.